tBARRY, Judge.
The trial court suppressed evidence seized when police stopped the defendant for violating the safety belt law, La. R.S. 32:295.1. We grant certiorari and we affirm.

Facts

Trooper Kurt Vorhoff testified that he saw the defendant driving without a safety belt. Vorhoff activated his lights and siren. He said the defendant repeatedly leaned forward as though reaching under the seat, then stopped his car. The defendant exited his car in response to Vorhoffs order. He told Vorhoff that his driver’s license was in the car. Vorhoff followed the defendant to the car, shined a flashlight inside the car, and saw a clear plastic bag of marijuana on the floorboard. Vorhoffs partner, Trooper Paul Edmonson, saw two bundles of currency in the right rear passenger compartment. Ed-monson seized the currency and found six bags of marijuana underneath. The officers searched the car and found a gun, a scale, and a bag of empty baggies. The defendant was arrested and charged with being in possession of a firearm while in possession of drugs, La. R.S. 14:95(E).
bThe trial court suppressed the evidence because it found that the officers were not authorized to stop the defendant for violating the safety belt law.

Analysis

The driver of a passenger car must “have a safety belt properly fastened about his or her body at all times when the vehicle is in forward motion.” La. R.S. 32:295.1(A). The statute further provides:
No vehicle, the contents of the vehicle, driver, or passenger in a vehicle shall be inspected, detained, or searched solely because of a violation of this Section.
La. R.S. 32:295.1(F).
The state argues that §295.1 permits an officer to stop a vehicle based on the driver’s violation of that provision. The state relies on La. Atty Gen. Op. No. 95-336 (August 17, 1995), which concluded that “an individual may be stopped and ticketed for failure to wear a safety belt....” The attorney general opined that La. R.S. 32:295.1(F) “merely imposes a limitation upon the farther inspection, detention, or search of a vehicle solely because the occupant is without a safety belt.” [Emphasis added.] The attorney general relied upon the preamble to Acts 1995, No. 643, which states:
To amend and reenact R.S. 32:295.1(F) and (G), relative to the required use of safety belts; to allow vehicles and occupants to be stopped or searched because of failure to wear a safety belt; to provide for a period of time in which warnings shall be issued; and to provide for related matters. [Emphasis added.]
In a recent opinion the Third Circuit held that La. R.S. 32:295.1(F) prohibits the initial stop of a driver solely pursuant to that statute. State v. Antoine, 98-369 (La.App. 3 Cir. 10/28/98), 721 So.2d 562, 1998 WL 749257. No reported jurisprudence holds that an officer may stop an individual based solely on a violation of §295.1. We [¡conclude that paragraph (F) prohibits the stopping of an individual for violating La. R.S. 32:295.1. The *1042 statutory language is clear and there is no need to resort to the preamble.
Though the preamble to Act 643 states that Act 643 amended paragraph (F) to allow a vehicle and its occupant to be “stopped or searched because of failure to wear a safety belt,” the amendment did not effectuate that change. Act 643 added “the contents of the vehicle” to the list of things that shall not be inspected, detained, or searched solely because of a violation of §295.1 and deleted the prohibition against stopping and searching a vehicle or individual “to determine compliance with (§295.1).” Act 643 did not amend the prohibition against inspecting, detaining, or searching a vehicle, driver, or passenger solely because of a violation of §295.1.
The state’s and attorney general’s interpretation cannot be consistently applied to the detention and search of a vehicle, both of which are addressed in paragraph (F) and in the preamble to Act 643. If the legislature intended to permit a search as stated in the preamble, then the legislature certainly would have deleted the prohibition against searches in paragraph (F).
Because La. R.S. 32:295.1 prohibits police from stopping an individual solely for violating that law, the stop was illegal and the evidence was tainted. The trial court properly suppressed the evidence.

WRIT GRANTED; AFFIRMED.